UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>    Defendants. | No. 2:16-cv-2329 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). ECF Nos. 2, 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.; Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

In the first amended complaint, plaintiff alleges that defendants Smith, Heatley, Horowitz, Hawkins, and Vaughn denied him necessary medical care in violation of his Eighth Amendment rights. ECF No. 6 at 3-11. He also claims that Smith and Heatley failed to supervise the other defendants. Id. at 4.

Plaintiff asserts that he suffers from numerous medical conditions that defendants have failed to adequately treat. Id. at 5-11. Specifically, he alleges that all of the defendants refused to submit pain intake information for a pain management review and that Smith and Hawkins failed to expedite review by the committee leading to a delay of over one year and two months. Id. at 7-9. The allegations against Smith, Heatley, and Hawkins revolve around intake information completed on July 23, 2012, and a failure to submit that took place on October 15, 2013. Id. at 8. Smith, Horowitz, Hawkins, and Vaughn also allegedly failed to provide treatment to ease the pain of plaintiff's recurrent migraines. Id. at 10.

Plaintiff further claims that Heatley knew about the pain he was suffering from his gout and the change in his gout medication due to his submission of Appeal No. 12043072 (id. at 10), while Smith allegedly ignored issues in plaintiff's grievances and at some point, commented that "[m]aybe we should just let [plaintiff] die" (id. at 6, 8, 10-11). Horowitz similarly told plaintiff that "[i]f you want adequate medical care, you should not have come to prison." Id. at 6.

3

Plaintiff also makes claims that Smith had him sent to R.J. Donovan instead of California Health Care Facility (CHCF), and that after he asked Smith about his heart surgery, the surgery ended up getting postponed and being done at a different hospital that was not as capable. Id. at 7. He also takes issue with Smith's statements contained in a declaration filed in Sims v. Heatley (Sims I), E.D. Cal. No. 2:14-cv-0393 KJN P, particularly that his medications are appropriate and that he does not need to be transferred to CHCF. Id. at 6-7.

Plaintiff claims that Hawkins treated his migraines with Tylenol 3 with codeine and said "[t]his is all I am doing," even though plaintiff told him that the medication did not work. Id. at 9. Hawkins further ignored plaintiff's chest pains, which drew criticism from the TTA doctor who sent plaintiff to the hospital to get another stent put in his heart. Id. at 10-11. Finally, plaintiff claims that Vaughn did not respond to his communications and refused to see him, instead having him evaluated by nurses. Id. at 6, 11. Vaughn also changed his mobility code from mobility impaired to full-time wheelchair user and tried to transfer plaintiff to High Desert State Prison. Id. at 11.

Plaintiff seeks injunctive relief in the form of adequate medical diagnostic testing and treatment, as well as transfer to a medical treatment facility that can provide him with adequate care. Id. at 4. He also seeks general, special, compensatory, and punitive damages. Id.

IV. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted). Deliberate indifference can

4

be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted). In general, deliberate indifference "may appear when prison officials deny, delay or interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### A. Claims for Which a Response Will be Required

Plaintiff's claims that Vaughn refused to provide treatment for his recurrent, seasonal migraines and refused to submit information to the pain management committee related to treatment for his migraines are sufficient to state a claim for relief and will require a response. However, the other claims against Vaughn do not state claims for relief, as will be addressed below.

### B. Failure to State a Claim

#### i. Previous Dismissal with Prejudice

Plaintiff has attached to his complaint a declaration by defendant Smith relating to a post-settlement medical evaluation in Sims I. ECF No. 6 at 23-25. Review of the docket in that case reveals that the claims in Sims I are identical to nearly all of the claims against Smith, Heatley, Hawkins, and Horowitz in the instant action. Compare ECF No. 6 with Sims I, ECF No. 37 at 3-9 (alleging failures to submit pain intake information and expedite committee review between

July 23, 2012, and October 15, 2013; claiming failure to treat migraines; addressing claims against Heatley related to treatment for gout and Appeal No. 12043072; alleging Smith said they should let him die and that Horowitz said he should not have gone to prison if he wanted adequate care; asserting Hawkins treated him with Tylenol 3 with codeine and said that was all he would do; claiming Hawkins ignored chest pains and TTA doctor had to send plaintiff to hospital for a stent). Further review shows that Sims I was voluntarily dismissed with prejudice as a result of a settlement agreement between the parties. By voluntarily dismissing his claims with prejudice, plaintiff became barred from bringing another action on the same claims. Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995) ("By obtaining . . . a [voluntary] dismissal [with prejudice], the plaintiff submits to a judgment that serves to bar his claims forever."). Accordingly, plaintiff's claims against defendants Smith, Heatley, Hawkins, and Horowitz, with the exception of the specific claims against Smith and Heatley identified below, are barred by the dismissal with prejudice in Sims I.

If plaintiff choses to amend the instant complaint to attempt to state claims against these defendants for conduct that is either unrelated to that alleged in Sims I or that took place after the conduct at issue in Sims I, he may do so. However, if plaintiff attempts to re-allege the claims from Sims I, it will be recommended that they be dismissed with prejudice.

      ii. Supervisory Claims Against Smith and Heatley

"There is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). To establish a case of supervisor liability, a plaintiff must show facts to indicate that the supervisory defendant either (1) personally participated in the alleged deprivation of constitutional rights; (2) had "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation;" or (3) promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks omitted) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).

To the extent plaintiff's claims against Smith and Heatley as supervisors are based upon

the same conduct alleged in Sims I, the claims are barred. To the extent the allegations are based upon conduct that did not form the basis of Sims I, plaintiff's conclusory assertions that they are liable as supervisors fail to sufficiently demonstrate that Smith or Heatley were personally involved in or aware of the other defendants' conduct such that they would have known his constitutional rights were being violated and then failed to intervene. Accordingly, these claims fail to state a claim for relief.

### iii. Defendant Smith

In addition to his claims against Smith that are duplicative of those in Sims I, plaintiff alleges that Smith was deliberately indifferent when he transferred plaintiff to R.J. Donovan instead of CHCF. ECF No. 6 at 7. However, there is no constitutional right to be placed in a specific prison, Meachum v. Fano, 427 U.S. 215, 224–5 (1976), and plaintiff has failed to explain why the transfer was inappropriate or how it caused him harm. Defendant's failure to grant plaintiff's request to be sent to one medical facility over another therefore does not constitute a violation of plaintiff's rights.

Plaintiff also appears to allege that Smith interfered with his surgery. ECF No. 6 at 7. Plaintiff alleges that he had a heart surgery scheduled at U.C. Davis, where the specialist was familiar with his "tricky anatomy," but after talking to Smith his surgery was delayed and he was sent to a different hospital for the surgery. Id. Plaintiff now feels worse than he did before. Id. However, plaintiff provides no facts explaining what role, if any, Smith played in changing the location of the surgery, nor do the allegations show that the decision to send plaintiff to a different hospital was medically unacceptable. These allegations therefore fail to state a claim for relief.

Finally, plaintiff alleges that Smith's declaration from Sims I, which states that plaintiff is receiving adequate medical care, demonstrates Smith's deliberate indifference to plaintiff's serious medical needs. Id. at 6-7, 23-25. It appears from the declaration that Smith's evaluation may have been based solely on plaintiff's medical records. Plaintiff disputes Smith's conclusion that the medication he was receiving was appropriate. These allegations establish no more than a difference of opinion as to the proper treatment for plaintiff's condition. Plaintiff has not alleged

7

that his medical records show his condition is other than what Smith found, and in fact agrees that his records show he has a history of non-compliance with his medications, though he asserts that there are legitimate reasons for his refusals. Nor is there any indication that Smith actually saw plaintiff or discussed his conditions with him. Accordingly, there are insufficient facts to show that Smith's declaration establishes deliberate indifference.

####            iv.   Defendant Vaughn

In addition to his viable claims that Vaughn refused to submit his pain intake information or treat his migraines, plaintiff alleges that Vaughn did not respond to unspecified communications, lied about his healthcare, refused to see him and instead had him seen by nurses, changed his disability placement code, and had him sent to a different prison and then later tried to have him sent to another prison. ECF No. 6 at 6, 11. None of these additional allegations supports a claim for relief.

With respect to the claims that Vaughn failed to respond to plaintiff and lied about his healthcare, plaintiff does not identify the contents of the correspondence he sent to Vaughn or what Vaughn lied about, and he does not explain how either action caused him harm. Without this missing information, the court is unable to determine that Vaughn was deliberately indifferent to a serious medical need. As for the claim that Vaughn had plaintiff seen by nurses instead of seeing plaintiff himself, there are no facts suggesting that it was necessary for plaintiff to see a doctor and that a nurse was not capable of conducting whatever evaluations or treatment plaintiff required. Accordingly, this claim also fails to demonstrate deliberate indifference. The next claim, that Vaughn changed plaintiff's disability placement code from "DVM – Mobility Impaired, Not Impacting Placement" to "DWP – Full Time Wheelchair User," fails to state a claim because plaintiff failed to demonstrate how this change caused him harm. Finally, Vaughn's transfer and attempt to transfer plaintiff fail to state a claim because plaintiff does not have a constitutional right to be placed in a specific prison. Meachum, 427 U.S. at 224-25. Plaintiff also fails to demonstrate how the transfer and attempted transfer caused him harm.

////

////

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Smith, Healtey, Horowitz, and Hawkins. The complaint also fails to state claims against defendant Vaughn except for the claims for failing to treat plaintiff's migraines and failing to submit his pain intake information. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Vaughn for failing to treat plaintiff's migraines and submit his pain intake information without amending the complaint, the court will proceed to serve the complaint. If plaintiff chooses not to amend the complaint, he will be voluntarily dismissing all other claims against Vaughn and all claims against defendants Smith, Heatley, Horowitz, and Hawkins.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Intl. Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of your allegations in the complaint state claims against the defendants and some do not. Your allegations that Vaughn refused to submit your pain intake information and treat your migraines state a claim and require a response. However, your other allegations against Vaughn fail to state a claim because you have not provided enough information to show that Vaughn knew about and ignored a serious risk to your health. Your allegations against Smith, Heatley, Hawkins, and Horowitz that were part of your complaint in Sims v. Heatley, E.D. Cal. No. 2:14-cv-0393 KJN P, are barred because you voluntarily dismissed them with prejudice as part of the settlement agreement in that case. If you try to bring these claims again, it will be recommended that they be dismissed with prejudice. The claims against Smith and Heatley based on their roles as supervisors fail to state claims for relief because you have not shown that they were aware of the other defendants violating your rights at a time when they had the opportunity to intervene. Your other allegations against Smith also fail because you have not shown that Smith was aware of a serious risk to your health that he ignored or that his actions caused you harm.

If have a choice to make. You can either (1) proceed immediately on your claims against defendant Vaughn for failing to treat your migraines and submit your pain intake information, or (2) try to amend the complaint. If you choose to go forward without amending this complaint, you will be voluntarily dismissing all of your claims against defendants Smith, Heatley, Horowitz, and Hawkins and all of your claims against Vaughn except for your claims that he failed to treat your migraines and submit your pain intake information. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make,

including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original or first amended complaints.  **Any claims or information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of the claims against defendants Smith, Heatley, Horowitz, and Hawkins and all of the claims against Vaughn except for the claims that he failed to treat plaintiff's migraines and submit his pain intake information do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his claims against defendant Vaughn for refusing to treat his migraines and submit his pain intake information as set forth in Section IV.A above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened first amended complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, it will be recommended that all claims against defendants Smith, Heatley, Horowitz, and Hawkins, and all claims against defendant Vaughn except for the claims that he failed to treat plaintiff's migraines and submit his pain intake information be dismissed without prejudice.

DATED: June 25, 2019

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>        Defendants. | No. 2:16-cv-2329 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendant Vaughn for failing to treat his migraines and submit his pain intake information without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against defendant Vaughn and all of his claims against defendants Smith, Heatley, Horowitz, and Hawkins.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                            Darius Sims<br>                                                                            Plaintiff pro se