UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER SMITH et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2329 KJM AC P<br><br><br>ORDER |

On October 3, 2019, the undersigned directed defendants to "serve the statement noting death on parties and any known successors or representatives of the deceased party as provided in Federal Rules of Civil Procedure 5 and 4, respectively." ECF No. 27. On October 7, 2019, defendants served plaintiff's sister, Carla Bell, with the statement noting plaintiff's death. ECF No. 28. Service was accomplished by mailing the statement to Ms. Bell at 11334 Cresbook St., Norwalk, CA 90650-3705. Id.

From the certificate of service, it does not appear that defendants have properly served Ms. Bell. Although parties may be served by simply mailing the paper to be served under Rule 5, nonparties being served a statement noting death must be served in accordance with the requirements of Rule 4. See ECF No. 27; Fed. R. Civ. P. 25(a)(3); Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994). Rule 4(e)(1) states that service may be completed "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where

the district court is located or where service is made." Defendants may also choose to (1) deliver notice to the individual personally; (2) leave a copy at "the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or" (3) deliver the notice "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Accordingly, service by mail on a person within California is not permitted except as set forth in California Code of Civil Procedure § 415.30(a),[1] which requires that the document to be served be accompanied by "two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." See also Barlow, 39 F.3d at 234. Defendants' statement noting plaintiff's death and declaration of service do not reflect that they have complied with these requirements. ECF No. 28. Furthermore, service under § 415.30 is not complete until the acknowledgement of receipt is completed, and then only if the acknowledgement is returned to the sender. Cal. Civ. Proc. Code § 415.30(c).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of service of this order, defendants shall either provide an amended certificate of service showing that they complied with California Code of Civil Procedure § 415.30 or re-serve the statement noting death on plaintiff's sister, Carla Bell, in a manner that complies with this court's October 3, 2019 order and the Federal Rules of Civil Procedure.

2. If defendants choose to serve the notice in accordance with California Code of Civil Procedure § 415.30, they must file the completed acknowledgment of receipt within forty-five days of the date the notice was mailed. If the acknowledgment of receipt is not returned within the time provided by § 415.30, defendants must notify the court and attempt to serve Ms. Bell by other means.

DATED: October 18, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] California provides an alternative method for serving individuals outside the state. Cal. Civ. Proc. Code § 415.40.